IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANGIE M. MULLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 2:18-cv-00059 |
| v. | ) | |
| | ) | |
| EDWARD M. BUTLER, II, | ) | JUDGE CRENSHAW |
| STEPHANIE L. BUTLER, SENIOR, | ) | MAGISTRATE JUDGE BROWN |
| LIFESTYLES, LLC, and SPB | ) | |
| ENTERPRISES LLC dba VICTORIAN | ) | |
| GARDENS RETIREMENT HOME, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

A telephone conference was held with the parties in this matter on February 18, 2020. At the present time, Stephanie L. Butler (Ms. Butler) and the Defendant SPB Enterprises, LLC (SPB) are not represented by counsel and have not filed a response to the Complaint. A default has been entered against Ms. Butler (DE 36) and against SPB (DE 19). No default has been entered against Edward M. Butler, II, (Mr. Butler) (DE 36). A default was entered against Senior Lifestyles, LLC (DE 19) but no default judgment has been entered against either Mr. Butler or Senior Lifestyles, LLC (DE 36).

Counsel for Mr. Butler advised his client was granted a divorce from Ms. Butler and ownership of the two (2) companies was restored to them individually as part of the divorce settlement. He advised it was his understanding Ms. Butler regained separate ownership of SPB and the company was defunct. He further advised Ms. Butler had been convicted of a number of criminal offenses and was awaiting sentencing in State Court in the near future. He did not

anticipate she would be filing anything on her behalf or on behalf of SPB. The Plaintiff is free to proceed to secure a default judgment as to both in accordance with the Clerk's Order (DE 36).

Presently pending is a Motion to Dismiss by Mr. Butler (DE 38). A response has been filed (DE 45) and the Defendant may have seven (7) days from the filing of that motion to file a response not to exceed five (5) pages. Senior Lifestyles, LLC has filed a Motion to Set Aside the Default (DE 42). The Plaintiff may have fourteen (14) days to respond to this motion and a reply limited to five (5) pages may be filed seven (7) days after any response.

Counsel for the Plaintiff advised he intended to file a Motion to Reconsider my order (DE 34) granting Mr. Butler additional time to respond to the Complaint. If Plaintiff's Counsel does file a Motion for Reconsideration, no response is allowed absent Court permission under Local Rule 7.01(a)(3).

I suggest to the parties given the age of the case and the apparent insolvency of the two (2) of the Defendants, the case will never be cheaper to resolve than now. In order to allow the parties some time to discuss the possibility of ADR the parties may take the deposition of the Plaintiff and Mr. Butler on or before May 22, 2020. It appears Mr. Butler would also be the proper party to dispose as a 30B6 representative of Senior Lifestyles, LLC.

The Parties are advised the case will be assigned to another Magistrate Judge on or before March 2, 2020 and the Parties should contact the assigned Magistrate Judge's office and provide the Judge a Status Report of the case on or before March 22, 2020. If the parties are not able to resolve the case by then, they should submit to the assigned Magistrate Judge on or before that date a draft scheduling order for the disposition for the rest of the case.

SO, ORDERED.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge