# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ANGIE M. MULLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00059 |
| | ) | |
| EDWARD M. BUTLER II, | ) | |
| STEPHANIE L. BUTLER, | ) | |
| SENIOR LIFESTYLES LLC, and | ) | |
| SPB ENTERPRISES LLC d/b/a | ) | |
| VICTORIAN GARDENS | ) | |
| RETIREMENT HOME, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

What should be an uncomplicated case is now a procedural mess due to the missteps and non-steps of the parties and their counsel.

The case began with the filing of a Complaint on July 13, 2018, by Angie M. Mullin under the Fair Labor Standards Act. In it, she alleged unpaid overtime compensation against Senior Lifestyles, LLC ("Senior Lifestyles") and its owner, Edward M. Butler II, and against SPB LLC (d/b/a/Victoria Gardens Retirement Home) ("SPB") and its owner, Stephanie L. Butler. Defendant were duly served with the Complaint.

After they did not answer or otherwise respond within the time provided by the rules, Mullin filed Motions for Entry of Default against each Defendant on November 21, 2018. (Doc. Nos. 12-15). The next day, Magistrate Judge Joe Brown entered a marginal Order (Doc. No. 16) directing counsel to review the requirements for defaults against individuals, as well as the Service Members Civil Relief Act (SMCRA") to insure the Motions for Entry of Default complied with the Act and

the requirements of Rule 55(a). That same day, counsel filed an Amended Motion in which he indicated that, based upon his information and belief, neither Edward or Stephanie Butler were members of the armed forces.

On January 28, 2019, the Acting Clerk of the Court granted an entry of default as to Senior Lifestyles and SPB. However, the Motions for Entry of Default as to the Butlers were denied because the affidavits supporting the suggestion that neither individual was in the military were insufficient under the SMCRA, and further the affidavits did not aver that either was neither an infant or incompetent.

The case then sat dormant for nearly a year. During this time, Mullin's counsel researched the law surrounding affidavits for entries of default; secured a statement from the retirement home's manager that the Butlers were not incompetent, infants or in the military; and obtained a status report from the Manpower Data Center of the Department of Defense showing that neither Butler was then in the military. For his part, Mr. Butler claims that he thought the case was over as to him and Senior Lifestyles because of a settlement he had reached in cases pending before the National Labor Relations Board ("NLRB"). As for Mrs. Butler and SPB, all the Court has been told is that, during the almost one year hiatus in this case, the Butlers divorced and Mrs. Butler pled guilty to a slew of criminal charges, including exploiting the elderly for financial gain, conspiracy to obtain controlled substances by fraud, and identity theft. (Doc. Nos. 39-7 at 6-10;, 39-8 at 1).

On January 7, 2020, Magistrate Judge Brown entered another marginal Order, this time directing Mullin to show cause as to why this case should not be dismissed for want of prosecution. In response, counsel for Mullin indicated that he had been studying the requirements for affidavits on motions for entry of default, submitted new affidavits to establish that neither Butler was in the

military, and indicated that Mullin intended to file motions for default as to the two institutional defendants.

On January 22, 2020, Mullins filed a Motion for Default Judgment, presumably against all Defendants listed in the caption. However, in the body of the motion she requested "the entry of a judgment by default against defendants." (Doc. No. 26) (emphasis added). In an accompanying Memorandum, Mullin "request[ed] the Court . . . enter Default Judgment" in a sum certain. (Doc. No. 28 at 6). By now, of course, entries of default had already been granted as to the institutional Defendants, but not the individual Defendants.

A week later, January 29, 2020, Mr. Butler and Senior Lifestyles moved for an extension of time within which to answer, which Magistrate Judge Brown granted by marginal Order the next day. In keeping with what by now had become a pattern of slip-ups, an Answer was filed (Doc. No. 33), but it was only filed on behalf of Edward Butler, and not on behalf of Senior Lifestyles, LLC.

At this point, it is probably worth mentioning that Mullin "seeks a total of $9,294.99 in compensatory damages," not counting liquidated damages. (Doc. No. 28 at 6). Nevertheless, the Court is presented with three motions resulting from the parties' failure to follow seemingly straight-forward procedural rules.

First, Edward Butler has filed a Motion to Dismiss pursuant Fed. R. Civ. P. 41(b) (and corresponding Local Rule 41.01), and the doctrine of laches based on "inexplicable delays." This is a tad rich coming from a party (Mr. Butler) that did not even respond to the Complaint until 18 months after it was filed (and, then, only after prompting by the Court), and who allegedly is the owner of another party (Senior Lifestyles) that is in default. Regardless, dismissal under Rule 41 or laches is not warranted.

Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. AT&T, 176 F.3d 359, 362–63 (6th Cir.1999). "Nevertheless, '[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (quoting Wu v. T. W. Wang, Inc., 420 F.3d 641, 643 (6th Cir.2005)).

In determining whether dismissal for failure to prosecute is warranted, a court considers the following four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Knoll, 176 F.3d at 363. None of those four factors support dismissal in this case.

"To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" Schafer, 529 F.3d at 737 (quoting Wu, 420 F.3d at 643). Such a finding is inappropriate here because all the

4

record shows is that counsel for Mullin apparently did not know how to go about securing a default, took a long time trying to figure it out, and was less than diligent in pursuing this action. See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 590 (6th Cir. 2001) (collecting cases for the proposition that the Sixth Circuit "has expressed an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney'); Buck v. Farmers Home Admin., 960 F.2d 603, 608 (6th Cir. 1992) ("[T]his court, like many others, has been extremely reluctant to uphold the dismissal of a case or the entering of a default judgment merely to discipline an errant attorney because such a sanction deprives the client of his day in court").

"[F]or purposes of the second factor, . . . a defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort'" defending the action. Schafer, 529 F.3d at 737 (quoting Harmon v. CSX Transp., Inc., 110 F.3d 364, 367 (6th Cir.1997)). That is not even alleged here. Instead, Mr. Butler claims to have been blissfully unaware that this case remained pending as to either him or Senior Lifestyles because of a Settlement Agreement that had been reached with Mullin's counsel in cases pending before the National Labor Relations Board (NLRB). In response, Mullin asserts that the Settlement Agreement pertained to other employees, not her. Even though both parties reference the Settlement Agreement to support their respective positions, it comes as no surprise given the way this case has been presented that the Settlement Agreement has not been provided to the Court for its independent review. While Mullin purports to quote from the Settlement Agreement in an effort to show that it did not apply to her, the excerpt simply states that "[t]his agreement settles only the allegations in the above-captioned cases, and does not settle any other cases(s) or matters." (Doc. No. 41, Bush Decl. ¶9). Obviously, the Court has no way of knowing who was involved in the "above-captioned cases."

"As for the third factor, '[p]rior notice, or the lack thereof, is . . . a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute.'" Id. (quoting Stough v. Mayville Community Sch., 138 F.3d 612, 614 (6th Cir.1998)). Here, when Magistrate Judge Brown threatened dismissal in his Order to Show Cause on January 7, 2020, Mullin promptly filed a Motion for Default Judgment, albeit one that erroneously requested "the entry of a judgment by default" against both defaulted and non-defaulted defendants.

"Finally, 'the sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." Id. Here, the integrity of the process can be accomplished by getting this case back on track so that the parties can have their day in court.

As for laches, the doctrine "is an affirmative defense that the defendant must prove," and "'[c]ourts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings.'" Kenyon v. Clare, No. 3:16-CV-00191, 2016 WL 6995661, at *3 (M.D. Tenn. Nov. 29, 2016) (quoting Pfeil v. State Street Bank & Trust Co., 671 F.3d 585, 599 (6th Cir. 2012)). Moreover, "[a] party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc., 270 F.3d 298, 320 (6th Cir. 2001). Even if Mullin was far from diligent in attempting to secure defaults once her initial efforts were thwarted, neither Mr. Butler or Senior Lifestyles has shown that they were prejudiced, other than to suggest that they will have to "seek to re-acquire the Senior Lifestyle, LLC, records which had been seized in connection with the prosecution of Ms. Butler." (Doc. No. 39 at 5), The prosecution, of course, was not Mullin's doing. Accordingly, the Motion to Dismiss (Doc.

6

No. 38) will be denied.

Next, Edward Butler and Senior Lifestyles have moved to set aside the default as to the latter. This motion will be granted if for no other reason than Mullin has not surprisingly failed to file a response in opposition. Under this Court's Local Rules, "[i]f a timely response is not filed, the motion shall be deemed to be unopposed." L.R. 7.01(a)(3).

Furthermore, whether to set aside the *entry* of default (as opposed to a default *judgment*) is a matter of discretion. Dassault Systemes, SA v. Childress, 663 F.3d 832, 840 (6th Cir. 2011) at 738 (quoting Wu, 420 F.3d at 644)). Three factors are considered: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." Dassault Systemes, SA v. Childress, 663 F.3d 832, 838–39 (6th Cir. 2011) (citing United Coin Meter Co. v. Seaboard Coastline Railroad, 705 F.2d 839, 844 (6th Cir.1983). Although "[a]ll three factors must be considered in ruling on a motion to set aside an entry of default, . . . prejudice to the plaintiff and the presence of a meritorious defense are the two most important considerations[.]" United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010).

Here, there may be a meritorious defense if the prior settlement in the NLRB proceedings applied to Mullin, but the Court has no way of determining this given the absence of the Settlement Agreement in the record. Regardless, Mr. Butler may have been under the reasonable belief that this matter was resolved, particularly because "all ambiguous or disputed facts" must be construed "in the light most favorable to the defendant" when ruling on a motion to set aside. Dassault, 832 F.3d at 841. As for prejudice to Mullin, it "seems disingenuous" to argue that delay is prejudicial when she waited "months to advance the case." $22,050.00 U.S. Currency, 595 F.3d at 325. The Motion to Set Aside Default (Doc. No.42) will be granted.

Finally, Mullin has filed a Motion to Reconsider Magistrate Judge Brown's Order granting Mr. Butler's and Senior Lifestyle's motion for leave to file an answer. Mullin notes that Rule 6 allows time to be extended only where the court determines that "the party failed to act because of excusable neglect," Fed. R. Civ. P. 6(b)(1)(B), and notes that "the Sixth Circuit Court of Appeals has emphasized that 'the excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases.'" Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005)." (Doc. No. 40 at 2). True enough, but the Sixth Circuit in Turner also acknowledged that "[a] district court's determination with respect to excusable neglect is subject to review under an 'abuse of discretion' standard." Turner, 412 F.3d at 650. The Sixth Circuit in Turner also quoted the following language from the Supreme Court's decision in Pioneer Investment Services v. Brunswick Associates Limited Partnership, 507 U.S. 380, 388 (1993):

> "The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

Id.

Here, it can hardly be said that Magistrate Judge Brown abused his discretion in allowing late answers to be filed. As should already be abundantly clear, there is more than enough blame to go around for the delay in this case, and Magistrate Judge Brown's ruling was an equitable one. The Motion for Reconsideration (Doc. No. 47) will be denied.

Prior to closing, one more lapse by the parties needs to be addressed. In a marginal Order filed February 20, 2020, Magistrate Judge Brown wrote:

> The Parties are advised the case will be assigned to another Magistrate Judge on or before March 2, 2020 and the Parties should contact the assigned Magistrate Judge's office and provide the Judge a Status Report of the case on or before March 22, 2020. If the parties are not able to resolve the case by then, they should submit to the assigned Magistrate Judge on or before that date a draft scheduling order for the disposition for the rest of the case.

(Doc. No. 46 at 2). The docket reflect no filings by the parties in relation to that Order, and that needs to be corrected.

An appropriate Order will be entered memorializing each of the foregoing rulings.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE