UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ANGIE M. MULLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00059 |
| | ) |
| EDWARD M. BUTLER II, | ) |
| STEPHANIE L. BUTLER, | ) |
| SENIOR LIFESTYLES LLC, and | ) |
| SPB ENTERPRISES LLC d/b/a | ) |
| VICTORIAN GARDENS | ) |
| RETIREMENT HOME, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Fair Labor Standards Act ("FLSA") allows for prevailing plaintiffs to recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). After judgment was entered in favor of Angie Mullin in the amount of $9,294.99 for unpaid wages, plus a like amount in liquidated damages, she moved for an award of attorney fees against her former employer, Stephanie L. Butler and SPB Enterprises LLC d/b/a Victorian Gardens Retirement Homes. Plaintiff requested attorney fees in the amount of $47,967.50 (based on 137.05 hours of work at $350.00 per hour), plus $881.50 in costs, for a total of $48,849.00. This is in addition to the approximately $11,000 settlement she received from the other two Defendants in this case, and does not count another 185 hours counsel claims to have spent achieving that settlement. (Doc. No. 124-4, Bush Decl. ¶ 7).

One would probably think that almost $50,000 in fees and costs meant that the case as to Ms. Butler and SPB Enterprises proceeded to trial, or at least went through hotly contested summary

judgment proceedings. One would be wrong. Those fees relate to investigating the case, preparing a 5-page complaint, and obtaining a default judgment against Ms. Butler and SPB Enterprises.

In support of the fee request, Plaintiff's counsel included an affidavit from Kenneth S. Williams, Esq. whose review of the docket showed that "[a]lthough several of these [docket] entries were ministerial in nature, other matters showed that some issues were somewhat complicated and convoluted." (Doc. No. 124-3, Williams Decl. ¶ 3). Mr. Williams also quotes this Court's observation in a Memorandum Opinion that, "what should have been an uncomplicated case had become a procedural mess." (Id.).

This Court did make the statement attributed to it by Mr. Williams, but went on to state that the case was a "procedural mess due to the missteps and the non-steps of the parties and their counsel." (Doc. No. 51 at 1). In that same Opinion, the Court noted that it was presented with "motions resulting from the parties' failure to follow seemingly straightforward rules." (Id. at 3). Specifically on the question of default, the Court also observed that "counsel for Mullin apparently did not know how to go about securing a default, took a long time trying to figure it out, and was less than diligent in pursuing this action." (Id. at 4-5).

Counsel's efforts in figuring out how to obtain a default judgment are reflected in his submitted declaration and time sheets. (Doc. No. 124-1, 5). By the Court's calculation, there are at least two dozen separate entries for researching and/or preparing a motion for default judgment or entry of default. These entries total 35.70 hours and, at the requested rate of $350 per hour, represent $16,065.00 in attorney's fees. Counsel seeks an additional $8,781.60 for the 29.50 hours spent drafting a response to a Show Cause Order that was entered because "Plaintiff ha[d] taken no action to move for a default judgment on the defaulted defendant or to complete the motion for

2

default on the other defendants for over eleven months." (Doc. No. 22). In addition, the time sheets reflect that 1.57 hours were spent researching service of process, two hours were spent drafting a 1½ page Motion to Ascertain Status (Doc. No. 113), and another hour was spent talking with an unnamed Courtroom Deputy about the status of the case. (Doc. No. 124-5 at 1-3).

Plaintiff's request for fees was so far beyond the pale of what would be expected in litigating a pedestrian FLSA claim as to Ms. Butler and SPB Enterprises that the Court held a status conference on December 13, 2021. During that conference, the Court went over a few of the problem areas with the time sheets, including the one-hour claimed for speaking with the Courtroom Deputy. Counsel was instructed to carefully review his itemizations and the fee request and resubmit them for the Court's review.

One might have thought that counsel – having been provided with what the Court considered to be something of a wake-up call – would take this Court's concerns to heart by drastically reducing his bill. After all, what he accomplished in relation to Ms. Butler and SPB Enterprises was simply to secure a default judgment as to each. Again, one would be mistaken.

Instead, counsel submitted an Amended Motion for Attorney's Fees and Costs in the amount of $38,037.50. In so doing, counsel indicates that his time sheets and declaration were indeed accurate, except that there were several conversations with the Courtroom Deputy on the day in question. Nevertheless, counsel reduced by half the number of hours he spent researching and drafting the motions for default (from 35.70 hours to 17.85 hours), and the number of hours spent responding to the show cause order (from 25.09 hours to 12.54 hours). (Doc. No. 131 at 1-2). These voluntary reductions are nowhere near enough.

An award of attorney's fees under § 216(b) of the FLSA is mandatory. Smith v. Service

3

Master Corp., 592 F. App'x 363, 367 (6th Cir. 2014) (citing United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.,732 F.2d 495, 501 (6th Cir. 1984)). Even so, the statute's very language says that a fee award must be reasonable. Usually, this is determined by multiplying the number of hours worked by a reasonable hourly rate. Rembert v. A Plus Home Health Care Agency LLC, 986 F.3d 613, 616 (6th Cir. 2021). "'The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004) (quoting Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir.1999)). Because "[t]rial courts have a 'superior understanding of the litigation,'" and "such awards are 'predominately fact-driven,'" the size of the award is a matter of discretion for the trial court. Dean v. F.P. Allega Concrete Const. Corp., 622 F. App'x 557, 559 (6th Cir. 2015) (citation omitted); see also Rembert, 986 F.3d at 616 (stating that an award of attorneys fees is mandatory under the FLSA, "but the amount of the award is within the discretion of the judge").

Here, even after counsel's adjustments, awarding anywhere near the requested amount would be a windfall and would penalize Ms. Butler and SPB Enterprises for the mistakes made by counsel. This, the Court will not do. Instead, recognizing that Plaintiff is entitled to *reasonable* fees for the time counsel spent in investigating the case, drafting the Complaint, moving for the entry of default and a default judgment, and filing a motion for attorney's fees, the Court will award a total sum of $10,000, plus costs in the amount of $881.50. Even this amount might be generous in a straightforward, single-Plaintiff, FLSA case. See Thomas v. GC Restaurants, LLC, No. 3:20-CV-300, 2021 WL 4147818, at *3 (S.D. Ohio Sept. 13, 2021) (default judgment granted in FLSA case and awarding $7,016 in damages, plus $9,045 in attorney's fees and costs); Phifer v.

4

SPM Enterprises, Inc., No. 21-CV-2249-SHM, 2021 WL 3878896, at *3 (W.D. Tenn. Aug. 30, 2021) (damages of $4,504.48 plus $7,730.92 awarded in FLSA action where default judgment entered); Stewart v. Complete Home Care Servs. of TN, Inc., No. 1:19-CV-00082, 2021 WL 3634780, at *3 (M.D. Tenn. Aug. 17, 2021) (accepting recommendation that default judgment in the amount of $47,533.21 and attorneys fees in the amount of $8,911.38 be entered in FLSA case involving multiple plaintiffs); Alvarez v. Davies, No. 1:15 CV 417, 2015 WL 9286789, at *3 (W.D. Mich. Dec. 1, 2015) (recommending that default judgment be entered in two plaintiff FLSA case, and that counsel be awarded $5,032.50 in fees).

Accordingly, Plaintiff's Motion and Amended Motion for Attorney's Fees and Costs (Doc. Nos. 124, 130) are hereby **GRANTED** in the amount of $10,000.00 in attorney's fees, and $881.80 in costs. The Report and Recommendation (Doc. No. 128) is **VACATED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE